IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SANDY TRAINER, on behalf of
herself and all others similarly situated,

   Plaintiff,

v.                   CV 18-0908 MV/JHR

STATE OF NEW MEXICO
CORRECTIONS DEPARTMENT,

   Defendant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter comes before the Court on Defendant's Motion to set Aside Clerk's entry of Default and Supporting Memorandum Brief, [Doc. 8], filed December 20, 2018. Pursuant to the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (b)(3) and Federal Rule of Civil Procedure 72(b), presiding District Judge Martha Vázquez referred Defendant's Motion to the undersigned Magistrate Judge to issue proposed findings and a recommended disposition. [*See* Doc. 24]. Having considered the parties' briefs and all pertinent authority, the Court recommends that Defendant's Motion be **granted** and that the Clerk's entry of default be set aside.

 **I.**  **BACKGROUND**

Sandy Trainer initiated this action against the State of New Mexico Corrections Department ("the Department") via a Class Action Complaint, filed September 26, 2018. [*See generally* Doc. 1]. In her Complaint, Ms. Trainer alleges that she and other similarly situated women were discriminated against on the basis of their sex by being misclassified as independent contractors. [*See id.*, p. 1]. Ms. Trainer alleges that her male counterparts transitioned from contractor status to full employee status while she and other similarly situated women "were kept

1

at contractor status on account of their sex." [*Id.*, p. 5]. Ms. Trainer also alleges that she was "retaliated against for her report of a September 2015 assault by Andy Ray. . . . [by] being blacklisted from moving from contractor status to employee status." [*Id.*]. On the basis of these facts, Ms. Trainer brings claims under Title VII and the New Mexico Human Rights Act. [*Id.*, pp. 4-5].

Summons were issued on September 27, 2018, and Ms. Trainer served the Department on October 3, 2018. [*See* Doc. 3]. The Department did not answer or otherwise response to Ms. Trainer's Complaint, so she filed an Application for Entry of Default under Federal Rule of Civil Procedure 55(a) on November 6, 2018. [Doc. 3]. The Clerk subsequently entered default on November 7, 2018. [Doc. 4].

Roughly a month and a half later, on December 20, 2018, the Department entered an appearance, filed an Answer and jury demand, and filed the instant Motion to set aside the Clerk's entry of default. [*See* Docs. 5, 6, 7, 8]. The Department's explanation for its delay relates to the requirements for service under New Mexico law. [*See* Doc. 8, p. 3]. That is, under the New Mexico Rules of Civil Procedure, Ms. Trainer was required to serve both the Department and the New Mexico Attorney General. [*See id.* (quoting Rule 1-004(H) NMRA)]. The Department admits that there is no such requirement under the *Federal* Rules, but nonetheless argues that its mistake was reasonable because, under those Rules, a plaintiff is required to either serve the chief executive officer of a state-created governmental organization or to effect service in accord with state law (requiring service on both the Attorney General and the Department). [*See id.* (quoting Federal Rule of Civil Procedure 4(j)(2)]. Further complicating the matter, explains the Department, is the fact that this is not Ms. Trainer's only lawsuit against it. [*See id.*, p. 1]. Rather, Ms. Trainer currently has a suit pending in the First Judicial District Court for the State of New Mexico against

the Department and, as of the filing of the instant Motion, she had not served the Attorney General, meaning that service of process has not been accomplished in the state case. [*Id.*, p. 3]. As such, because the Attorney General has not been served, counsel for the Department did not believe that it had been served in the federal case "until it was discovered that the Clerk's Entry of Default had been entered." [*Id.*]. Given this confusion, the Department moves the Court to set aside the Clerk's entry of default. [*See generally* Doc. 8].

Ms. Trainer's opposition to the Department's Motion is straightforward. [*See generally* Doc. 10]. Most basically, she argues that the Department has done nothing to shoulder its admittedly light burden to demonstrate "good cause" to set aside the default under Rule 55(c) because it has failed to demonstrate that it did not act culpably in failing to answer, and has not set forth sufficient facts to demonstrate it has a meritorious defense to Ms. Trainer's allegations. [*Id.*, p. 1]. Thus, she argues that the Department's Motion should be denied. [*Id.*]. The Department's Reply brief counters that an unintentional or good faith mistake does not rise to the level of culpable conduct under Rule 55(c), that it has in fact set forth a meritorious defense through its Answer, and that Ms. Trainer has failed to demonstrate prejudice. [*See generally* Doc. 12]. For the reasons that follow, the Court finds the Department's arguments to be more convincing at this stage of the proceedings.

## II. LEGAL STANDARDS

"The preferred disposition of any case is upon its merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970) (citing *Meeker v. Rizley*, 324 F.2d 269 (10th Cir. 1963)). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued

uncertainty as to his rights." *In re Rains*, 946 F.2d 731, 732-733 (10th Cir. 1991) (quoted authority omitted). Thus, "this judicial preference is counterbalanced by considerations of social goals, justice and expediency[,] a weighing process which lies largely within the domain of the trial judge's discretion." *Gomes*, 420 F.2d at 1366 (footnotes omitted).

"Under Rule 55(c), good cause is required to be shown for the court to set aside an entry of default." *Hunt v. Ford Motor Co.*, 65 F.3d 178, *3 (10th Cir. 1995) (unpublished) (citing Fed. R. Civ. P. 55(c)). "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside an entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). As such, "entries of default are often set aside. The requisite 'good cause' … is not 'good cause' for the defendant's mistake, but rather 'good cause' justifying the court's decision to set the default aside." *Quintana v. Arbogast*, CV 08-1127 BB/LFG, 2010 WL 11626764, at *3 (D.N.M. 2010) (quoted authority omitted).

"In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) (unpublished) (quoting *Pinson v. Equifax Credit Info. Servs.*, 316 F. App'x 744, 750 (10th Cir. 2009) (unpublished)). "These factors are not 'talismanic' and the court may consider other factors." *Hunt*, 65 F.3d at *3 (quoting *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992)). For example, "[o]ne of the other factors that courts have considered is whether the dispute involves a substantial amount of money." *Roberson v. Farkas*, CV 09-0795 JCH/WDS, 2011 WL 13117113, at *4 (D.N.M. 2011). "Another factor supporting setting aside the default are Defendants' efforts to cure the default." *Clawson v. Southwest Cardiology Associates, P.A.*, CV

4

99-0379 MV/RLP, 2000 WL 36739788, at *4 (D.N.M. 2000). "Ultimately, the factors a court considers should be liberally applied in favor of setting aside the entry of default to allow a determination on the merits." *Niederstadt v. Eldridge*, CV 16-0255 SMV/CG, 2016 WL 9777152, at *3 (D.N.M. 2016). "However, the court need not consider all the factors. If the default was the result of the defendant's culpable conduct, the district court may refuse to set aside the default on that basis alone." *Hunt*, 65 F.3d at *3.

"Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default." *Id.* (citations omitted). Mere negligence will not suffice. *Watkins*, 551 F. App'x at 958. Nor will "an honest mistake" or "inadvertent mistakes." *See E.E.O.C. v. Bell Gas, Inc.*, CV 02-1090 WJ/DJS, 2003 WL 27385375 at *2 (D.N.M. 2003); *see also Clawson*, 2000 WL 36739788, at *4. Moreover, "[d]efault is discouraged where counsel's inadvertence, rather than defendant's bad faith, has cause the late filing of an Answer." *Chavez v. Dennis*, CV 05-0186 MCA/ACT, 2006 WL 8444274, at *2 (D.N.M. 2006). That said, a defendant's conduct is culpable if it fails to answer or otherwise respond to the complaint after receiving actual notice of the complaint. *Hunt*, 65 F.3d at *4. A defendant's conduct in failing to answer is also culpable where it "was an informed choice based on the advice of counsel." *Cadigan & Park, P.C. v. Abbasid, Inc.*, CV 10-0694 WJ, 2010 WL 11527156, at *3 (D.N.M. 2010). Likewise, the defendant's sophistication and experience as a litigant matters. *Id.*

In assessing prejudice, the Tenth Circuit has indicated that there is none where the defaulting party subsequently files a responsive pleading and participates in the lawsuit. *See U.S. v. Rice*, 295 F. App'x 898, 901 (10th Cir. 2008) (unpublished); *see also Niederstadt*, 2016 WL 9777152, at *3. Thus, "[t]he fact that a plaintiff will have to litigate an action on the merits rather

than proceed by default does not constitute prejudice." *Chavez*, 2006 WL 8444274, at *3 (quoted authority omitted).

Finally, the defaulting party must demonstrate a meritorious defense to the action. *See Gomes*, 420 F.2d at 1366. "In an attempt to determine the meritorious nature of a defense, the trial court must have before it more than mere allegations that a defense exists." *Id.* "Bald allegation[s]" without the support of underlying facts, will not sustain the burden of the defaulting party." *Id.* However, "[i]t does not take much to establish the existence of a meritorious defense sufficient to set aside a default – only the alleging of sufficient facts that, if true, would constitute a defense." *Calderon v. Herrera*, CV 11-0482 WJ/GBW, 2012 WL 13013070, at *5 (D.N.M. 2012).

> When evaluating the factor of whether the defendant has put forth a meritorious defense for the purposes of determining whether to set aside entry of default, rather than looking at the likelihood that the defendant will prevail on the merits, the Court should look at whether the proposed defense is legally cognizable such that it would constitute a defense to the claims if proved at trial.

*Roberson*, 2011 WL 13117113, at *5 (citations omitted).

> The parties do not litigate the truth of the claimed defense…. Rather, the court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action. For purposes of this part of the motion, the movant's version of the facts and circumstances supporting his defense will be deemed to be true.

*In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978) (citations omitted). With these standards in mind, the Court turns to the facts of this case.

### III. ANALYSIS

This is not a case where one factor controls. Rather, the Court finds that, on balance, the factors discussed above counsel in favor of setting aside the default entered in this case. In reaching this conclusion, the Court focuses primarily on the admonition that default judgments are disfavored where a result on the merits is possible. Additionally, the Court does not find the

Department's conduct to be culpable as contemplated by the cases cited above, rendering the rationale of *Hunt*, 65 F.3d at *3, inapplicable.

### A) Whether the Default was Willful

The Court does not find the Department's default to be sufficiently culpable in this case to merit the severe sanction of a default judgment. Defense counsel made an error in assuming that the Attorney General had to be served in order for service to be effective upon the Department. Regardless of how the Court categorizes this error, it does not find it to be anything more than negligence on the part of defense counsel. As discussed above, mere negligence on the part of defense counsel is not the same as bad faith on the part of the Department. Thus, while the Department is an experienced litigant and undisputedly had notice of Ms. Trainer's lawsuit, its failure to answer in the time required was not the result of an informed choice or truly based on the advice of counsel. Therefore, the Court finds that this factor weighs in favor of setting aside the default.

### B) Prejudice to Ms. Trainer

As the Department points out in its Reply, Ms. Trainer does not argue that she will suffer any prejudice if the default in this case is set aside. [*Compare* Doc. 10 *with* Doc. 12, p. 8]. The Court further notes that there has been minimal delay in these proceedings as a Rule 16 Scheduling Conference was held by the undersigned shortly after the Department answered and a Scheduling Order for the class certification stage of this case has been entered. [*See* Docs. 20, 21]. As such, this factor weighs in favor of setting aside the default.

### C) Meritorious Defense

Whether the Department has presented a meritorious defense for the purposes of setting aside the default poses a closer question. While the Court must take the Department's contentions

in support of its defenses as true, the Department provided little in support of its position. The Department argues in its briefing that through its Answer it "denied any wrongdoing, denied Plaintiff's factual allegations and set forth 11 separate affirmative defenses[.]" [Doc. 12, p. 9]. The Department then sets out these affirmative defenses, but offers no facts or argument in support of the proposition that they would actually prove meritorious at trial. [*Id.*]. As the Tenth Circuit has stated, "[s]uch … bald allegation[s], without the support of facts underlying the defense, will not sustain the burden of the defaulting party[.]" *Gomes*, 420 F.2d at 1366. Thus, despite the Department's contention that it "set forth myriad affirmative defenses, any one of which raises the possibility that result after a full trial would be contrary to the result achieved by the default[,]" [Doc. 12, p. 11], the Court cannot find that this factor favors setting aside the default here.

### D) Other Relevant Factors

Given the paucity of the Department's presentation regarding its meritorious defenses, the Court turns to the two additional relevant factors discussed above to further bolster its conclusion that the default must be set aside: the amount in controversy and the Department's efforts to cure the default. As to the former, the interests of justice counsel against permitting the class action claims in this case to proceed on the basis of a default. Ms. Trainer's recovery on behalf of the putative class could be substantial, depending on what is adduced in discovery. As to the latter, the Department claims that it immediately sought to cure the default by filing its Answer, jury demand, and Motion to set aside once it realized that default had been entered. Moreover, the Department has participated in this litigation since it appeared and sought to set aside the default. Thus, while the Court finds that the Department should have acted sooner, it cannot say that the Department's efforts to cure should be ignored. Thus, these two factors counsel in favor of setting aside the default.

## IV. CONCLUSION

The Department's allegations concerning the presence of a meritorious defense leave much to be desired. However, every other pertinent factor counsels in favor or setting aside the default in this case.

Wherefore, IT IS HEREBY RECOMMENDED that the Department's Motion to set aside the entry of default [Doc. 8], be **granted**.

_____
Jerry H. Ritter
U.S. Magistrate Judge

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**